**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| SMASH, LLC,<br><br>Plaintiff,<br><br>v.<br><br>New England Pottery Co., Inc.,<br><br>Defendant. | ) | Civil Action No. 01-601 DWF/SRN |

**STIPULATED PROTECTIVE ORDER RE CONFIDENTIALITY**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Smash, LLC. (collectively referred to as "Plaintiff"), by and through its undersigned attorneys, and Defendant New England Pottery Co., Inc. ("Defendant"), by and through its undersigned attorneys, hereby agree that all discovery and other materials exchanged by the Parties or filed with the Court in the above-captioned action shall be provided subject to the following conditions:

1. Plaintiff and Defendant (collectively referred to as the "Parties"), or any non-party may designate as "CONFIDENTIAL" all or any part of any discovery and other materials exchanged by the Parties or filed with the Court, including without limitation, documents and things, pleadings, motions, interrogatory answers, answers to deposition questions, and responses to requests for admission, or any other document or thing containing trade secrets or other sensitive, commercial, financial or business information that the producing party deems to be confidential to that party. Except as set forth in paragraph 9, such designations shall be made by stamping the document CONFIDENTIAL and shall be as specific as the context of the

FILED SEP 11 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

information reasonably permits so as not to include non-confidential information. All such designated discovery and other materials are referred to herein as "Confidential Material."

2. Notwithstanding such designation, Confidential Material does not include information or material:

(A) Obtained independent of any party to this litigation as to which no obligation of confidentiality applies;

(B) That is in the public domain or accessible to the public or trade at the time exchanged or filed;

(C) That enters the public domain or becomes accessible to the public or trade through no fault of the recipient after the time of exchange or filing;

(D) That is disclosed or made available to the recipient by a third party without restriction and without there having been a breach of an obligation of confidence owed by the third party to Plaintiff and Defendant;

(E) That is known by the recipient at the time of exchange or filing, as shown by documentary evidence that the recipient may provide to a person claiming confidentiality at any time within ten (10) business days from the date of exchange or filing;

(F) That is disclosed by the recipient as required by judicial action.

3. Confidential Material shall be:

(A) Revealed only to Qualified Persons (defined in paragraph 5 below), their clerical, support and secretarial staffs, paralegals, and assistants; and

(B) Used only for preparation and trial of the above-captioned action.

5. Confidential Material may be disclosed only to the following Qualified Persons:

(A) For Plaintiff Smash, LLC: Susan Pihl-Niederman, Holly Pihl, Sharon P. Frederickson, Lynn Anderson, and Ron Erickson.

(B) For Defendant New England Pottery Co., Inc.: Alan Antokal and Geoffrey Harris.

(C) Outside counsel and counsel of record in Civil Action No. 01-601 DWF/SRN and staff employed by such counsel (collectively referred to as "Outside Counsel");

(D) Subject to paragraphs 6 and 7 below, expert and third party technical service contractors who are not present employees of any party, or of any predecessor, parent or related company of any party, who are requested by Outside Counsel of the receiving party to furnish technical or expert services in connection with this litigation;

(E) Third party contractors involved solely in providing litigation support services to Outside Counsel;

(F) The Court, its personnel, and the jury;

(G) An officer before whom a deposition is taken, including any stenographic and/or court reporter; and

(H) Any other person agreed to by the Parties or allowed by the Court.

6. Before any disclosure of Confidential Material of the producing party is made to an individual pursuant to paragraph 5(D) or (H), Outside Counsel for the receiving party shall:

(A) Provide the individual with a copy of this Order;

(B) Explain its terms; and

(C) Obtain the individual's written agreement, in the form of Attachment A hereto, to comply with and be bound by its terms. Copies of all written commitments in the form of Attachment A shall be provided to the producing party at the conclusion of this litigation, upon request.

7. No Confidential Material shall be shown to an expert or third party technical service contractor ("Expert") pursuant to paragraph 5(D) until five (5) business days after the receiving party identifies in writing the Expert to the producing party and provides the producing party with an executed Attachment A and a curriculum vitae. If the producing party states a good faith basis for objecting to such Expert having access to any Confidential Material after receiving written notice and an executed Attachment A, such as a conflict of interest with respect to the nature of work in the same field of competition, the Expert shall be barred from such access for a ten (10) business day period commencing with the date that the receiving party identifies in writing the Expert to the producing party and provides the producing party with an executed Attachment A and a curriculum vitae. If within that ten (10) business day period (i) the Parties are unable to resolve their differences, and (ii) the producing party moves for a further protective order, then the Confidential Material shall not be provided to said individual except by further order of the Court.

8. Confidential Material may be disclosed to a witness at a deposition if:

(A) The witness is an officer, director, or employee of the party who produced such Confidential Material; or

(B) The witness was formerly an officer, director, or employee of the party who produced such Confidential Material and the Confidential Material existed during the period of his or her service of employment.

9. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Material of any party:

(A) That deposition or portions of it shall be designated as containing Confidential Material subject to the provisions of this order; those designations shall be made on the record whenever possible, but a party shall have 30 days after receipt of the transcript to inform the other party of additional portions of the transcript designated CONFIDENTIAL. After that 30-day period, the right to make such designations shall be waived;

(B) The producing party shall have the right to exclude from attendance at a deposition during the time when the Confidential Material is to be disclosed any person other than the deponent, counsel for the parties, the court reporter, and the persons identified in paragraph 5 above; and

(C) If the designation is made on the record, the original and all copies of those deposition transcripts shall bear the legend "CONFIDENTIAL" on each page so designated. The cover page will also list the pages so designated.

10. Nothing in this Order shall bar or otherwise restrict any Outside Counsel herein from rendering legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Confidential Material; provided, however, that in rendering such advice and in otherwise communicating with his or her client, such

person shall not make any disclosure of Confidential Material to any person not entitled to have access to it.

11. If a party inadvertently produces Confidential Material without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error, after which it shall be treated as if it had been timely designated under this order.

12. Confidential Information filed with the Court:

(A) All material filed with a court, which has previously been designated by a Party as comprising or containing Confidential Material, shall be filed under seal and endorsed with the caption of the litigation, the title of the pleading, the words "CONFIDENTIAL MATERIAL" and "SEALED BY ORDER OF THE COURT", the title of this Order and the date that it was entered, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed except by order of the Court or consent of the Parties."

(B) The Clerk of this Court is directed to maintain under seal all material filed in this Court in this litigation which has been marked or designated, in whole or in part, "Confidential Material" in accordance with paragraph 12(A) of this Order.

(C) Copies of any Confidential Material filed with the Court prior to trial or received in evidence at trial of the above-captioned lawsuit, and any other materials falling within the terms of this Order which are so designated at trial or at time of filing, shall be kept by the Clerk of the Court, until further order of the Court.

(D) Where possible only those portions of documents consisting of Confidential Material shall be filed in sealed envelopes.

13. The good faith designation by counsel of Confidential Material shall, without further proof, entitle such material to the protection of this Stipulated Protective Order.

14. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fifteen (15) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

15. In the event that a party seeks discovery from a non-party to this suit, the non-party may invoke the terms of this Stipulated Protective Order Re Confidentiality with respect to

any Confidential Material provided to the Parties by the non-party by so advising all Parties to this suit in writing.

16. Within sixty (60) days of termination of this litigation, including any and all appeals therefrom, attorneys for the receiving party shall destroy all Confidential Material received hereunder. All copies of Confidential Material received by others hereunder shall also be destroyed. Notwithstanding the foregoing, Outside Counsel for the receiving party may retain a copy of Confidential Material of a producing party, to the extent reflected or contained in such Outside Counsel's work product or in materials filed with the Court.

17. Prompt written notice shall be given to any party who produced Confidential Material hereunder, in the event that a party's Confidential Material is sought by any person not a party to this litigation, by subpoena in another action or by service with any legal process. Any person seeking such Confidential Material who takes action to enforce such subpoena or other legal process shall be apprised of this Protective Order. Nothing herein shall be construed as requiring anyone covered by this Protective Order to contest a subpoena or other process, to appeal any order requiring the production of Confidential Material covered by this Protective Order, or to subject itself to penalties for non-compliance with any legal process or order.

18. In the event that Confidential Material designated by the producing party in accordance with paragraph 1, above, is disclosed by the receiving party to any person other than the Qualified Persons defined in paragraph 4, above, or is disclosed in any manner or for any purpose inconsistent with the terms of this Order, the party responsible for the disclosure,

within five (5) days of Outside Counsel's awareness of such disclosure, must bring all pertinent facts relating to such disclosure to the attention of Outside Counsel for the producing party and without prejudice to the rights and remedies of the producing party, make every reasonable effort to prevent further disclosure of it and prevent further disclosure by each person who was the eventual recipient of the Confidential Material.

19. Inadvertent production of documents or information subject to the attorney client privilege or work product immunity shall not constitute waiver of such privilege. After receiving notice from the producing party that documents or information subject to the attorney client privilege or work product immunity have been inadvertently produced, the receiving party shall not review, copy, or disseminate such documents or information. The receiving party shall return such documents or information to the producing party immediately.

20. The foregoing is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery.

21. Nothing in this protective order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

22. Nothing in this protective order shall prejudice the right of any party to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Confidential Information.

SMASH, LLC

By its attorneys,

Date: 9/6/01

Jon R. Trembath 292163
MERCHANT & GOULD, P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 332-5300

NEW ENGLAND POTTERY CO., INC.

By its attorneys,

Date: 9/6/01

Jeffrey J. Keyes (#55505)
Jay W. Schlosser (#259627)
BRIGGS AND MORGAN, PA
2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 334-8400

James J. Foster
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
(617) 720-3500

SO ORDERED this 11th day of September, 2001.

United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

SMASH, LLC,

Plaintiff,

v.

New England Pottery Co., Inc.,

Defendant.

Civil Action No. 01-601 DWF/SRN

**ATTACHMENT A**
**TO THE STIPULATED PROTECTIVE ORDER RE CONFIDENTIALITY**

In consideration of the disclosure to me of certain information, which is subject to a Protective Order of this Court, I agree as follows:

1. I have read the Stipulated Protective Order Re Confidentiality in the above-captioned case and I agree to be bound by its terms.
2. I understand that if I violate the terms of the Protective Order, I may be subject to an enforcement proceeding before this Court.
3. I agree to submit myself to the personal jurisdiction and venue of this Court in connection with any proceedings concerning the Protective Order.

Dated:______________________

By:______________________

Printed Name:______________________

Address:______________________

______________________

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.